UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JUAN MORONTA,

                Plaintiff,

     -against-

NUM PANG SANDWICH SHOP,

                Defendant.
------------------------------------------------------------------- x

Case No.: 17 Civ. 8119 (RWS)

**ANSWER**

Defendant 128 for 64 Hospitality LLC (s/h/a "Num Pang Sandwich Shop"), by its attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for its Answer to the Complaint of Plaintiff Juan Moronta filed October 20, 2017, alleges as follows:

## AS TO "NATURE OF CASE"

1. With respect to the allegations contained in Paragraph "1" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of his own Complaint, no response is required, except Defendant admits that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and denies that Plaintiff is entitled to any relief thereunder.

2. With respect to the allegations contained in Paragraph "2" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of his own Complaint, no response is required, except Defendant admits that Plaintiff purports to bring this action under the New York Labor Law ("NYLL") and denies that Plaintiff is entitled to any relief thereunder.

## AS TO "JURISDICTION AND VENUE"

3. With respect to the allegations contained in Paragraph "3" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of his own Complaint, no response is required, except Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court.

4. With respect to the allegations contained in Paragraph "4" of the Complaint, which set forth conclusions of law or consists of Plaintiff's characterization of his own Complaint, no response is required, except Defendant admits that Plaintiff purports to lay venue in this District.

## AS TO "PARTIES"

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6. Defendant denies the allegations contained in Paragraph "6" of the Complaint.

7. Defendant admits the allegations contained in Paragraph "7" of the Complaint.

8. With respect to the allegations contained in Paragraph "8" of the Complaint, which set forth conclusions of law, no response is required.

9. Defendant admits the allegations contained in Paragraph "9" of the Complaint.

10. Defendant admits the allegations contained in Paragraph "10" of the Complaint.

11. The Complaint does not contain an eleventh paragraph.

## AS TO "BACKGROUND FACTS"

12. Defendant denies the allegations contained in Paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in Paragraph "13" of the Complaint.

14. Defendant denies the allegations contained in Paragraph "14" of the Complaint.

15. Defendant denies the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies the allegations contained in Paragraph "17" of the Complaint.

18. Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies the allegations contained in Paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in Paragraph "23" of the Complaint.

24. Defendant denies the allegations contained in Paragraph "24" of the Complaint.

25. Defendant denies the allegations contained in Paragraph "25" of the Complaint.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in Paragraph "28" of the Complaint.

29. Defendant admits the allegations contained in Paragraph "29" of the Complaint.

30. Defendant denies the allegations contained in Paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in Paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in Paragraph "32" of the Complaint.

33. Defendant denies the allegations contained in Paragraph "33" of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"

34. Defendant repeats and realleges Paragraphs "1" through "33" hereof with the same force and effect as if set forth at length herein.

35. With respect to the allegations contained in Paragraph "35" of the Complaint,

which set forth conclusions of law, no response is required.

36. With respect to the allegations contained in Paragraph "36" of the Complaint, which set forth conclusions of law, no response is required.

37. With respect to the allegations contained in Paragraph "37" of the Complaint, which set forth conclusions of law, no response is required.

38. Defendant denies the allegations contained in Paragraph "38" of the Complaint.

39. Defendant denies the allegations contained in Paragraph "39" of the Complaint.

40. Defendant denies the allegations contained in Paragraph "40" of the Complaint.

41. Defendant denies the allegations contained in Paragraph "41" of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"

42. Defendant repeats and realleges Paragraphs "1" through "41" hereof with the same force and effect as if set forth at length herein.

43. With respect to the allegations contained in Paragraph "43" of the Complaint, which set forth conclusions of law, no response is required.

44. With respect to the allegations contained in Paragraph "44" of the Complaint, which set forth conclusions of law, no response is required.

45. Defendant denies the allegations contained in Paragraph "45" of the Complaint.

46. Defendant denies the allegations contained in Paragraph "46" of the Complaint.

47. Defendant denies the allegations contained in Paragraph "47" of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF"

48. Defendant repeats and realleges Paragraphs "1" through "47" hereof with the same force and effect as if set forth at length herein.

49. With respect to the allegations contained in Paragraph "49" of the Complaint,

which set forth conclusions of law, no response is required.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

### AS TO "FOURTH CLAIM FOR RELIEF"

53. Defendant repeats and realleges Paragraphs "1" through "52" hereof with the same force and effect as if set forth at length herein.

54. With respect to the allegations contained in Paragraph "54" of the Complaint, which set forth conclusions of law, no response is required.

55. With respect to the allegations contained in Paragraph "55" of the Complaint, which set forth conclusions of law, no response is required.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

### AS TO "FIFTH CLAIM FOR RELIEF"

59. Defendant repeats and realleges Paragraphs "1" through "58" hereof with the same force and effect as if set forth at length herein.

60. With respect to the allegations contained in Paragraph "60" of the Complaint, which set forth conclusions of law, no response is required.

61. With respect to the allegations contained in Paragraph "61" of the Complaint, which set forth conclusions of law, no response is required.

62. Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

64.     Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" Paragraph of the Complaint or any of the subparagraphs therein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

2.      Plaintiff's claims are barred, in whole or in part, because Defendant has made a complete and timely payment of wages owed to Plaintiff.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, waiver, and/or estoppel.

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff was an exempt employee (e.g., executive employee) within the meaning of the FLSA and NYLL.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that any uncompensated time is *de minimis* or was preliminary or postliminary to his principal activities.

6. Plaintiff's claims are barred, in whole or in part, by exclusions, exceptions, set-offs, wage, tip, or other credits, or for amounts already paid in wages to which Plaintiff had no entitlement.

7.      Plaintiff is not entitled to civil penalties, prejudgment/post-judgment interest, statutory damages, liquidated damages, punitive damages, or an extended statute of limitations because any alleged act or omission giving rise to Plaintiff's claims was made in good faith and was not willful or reckless, and because Defendant had reasonable grounds for believing that any such alleged act or omission was not a violation of the FLSA or NYLL.

[1061580-1]

* * * * * * * * * * *

**WHEREFORE**, Defendant respectfully requests that this Court award judgment: (a) dismissing Plaintiff's Complaint with prejudice in its entirety; and (b) granting such other and further relief as this Court may deem just and proper, including, without limitation, interest, reasonable attorneys' fees, costs, and disbursements.

Dated:  New York, New York
        January 19, 2018

                                        **TANNENBAUM HELPERN**
                                        **SYRACUSE & HIRSCHTRITT LLP**

                                        By: _____
                                        Andrew W. Singer
                                        Jason B. Klimpl
                                        900 Third Avenue, 13th Floor
                                        New York, New York 10022
                                        (212) 508-6700
                                        singer@thsh.com
                                        klimpl@thsh.com
                                        *Attorneys for Defendant*

To:  Megan S. Goodard
     Gabrielle M. Vinci
     Nesenoff & Miltenberg, LLP.
     363 Seventh Avenue, 5th Floor
     New York, New York 10001
     mgoddard@nmllplaw.com
     gvinci@nmllplaw.com
     *Attorneys for Plaintiff*
     [VIA ECF]